## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## at ASHLAND

**CIVIL ACTION NO. 11-138-HRW**

**SHEILA RUNKLE,**
*Administratrix of the Estate of Robert Runkle,*                    **PLAINTIFF,**

v.                            <u>**MEMORANDUM OPINION AND ORDER**</u>

**RONALD FLEMING, D.O.,**                              **DEFENDANT.**

This matter is before the Court upon the Defendant's Motion for Summary Judgment [Docket No. 31]. The motion has been fully briefed by the parties [Docket Nos. 38 and 41] and for the reasons set forth herein, the Court finds that the Defendant is entitled to judgment as a matter of law.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the medical treatment Plaintiff Sheila Runkle's son Robert Earl Runkle received while an inmate at the Little Sandy Correctional Complex in 2006.

Robert Runkle was sentenced to ten years imprisonment on September 14, 2001 by the McCracken Circuit Court.   In 2003, during his incarceration at the Western Kentucky Correctional Complex, Runkle underwent extensive surgical resectioning for small intestine cancer at Western Baptist Hospital in Paducah, Kentucky. [*See* Medical Records, Docket No. 31-6]. Although the surgeons removed 25 inches of intestine in an effort to rid his body of the disease, they discovered that the tumor had perforated the lining of Runkle's bowel and extended to the mesentry of the abdomen. [*See* Deposition of Charles F. Winkler, M.D., Docket No. 31-5, pp. 22-24 and 32]. In addition, the cancer had invaded Runkle's lymphatic system. [*Id.* at p. 38].

The prognosis was poor. Following the surgery, Runkle was informed that he had a 4% chance of living five additional years with the cancer. [*Id.* at p. 26].

Runkle underwent a colonoscopy on June 7, 2005 which revealed an erythema in the distal colon. A biopsy established this as benign. The gastorenterologist who conducted the biopsy recommended that Runkle have another colonoscopy in 1 to 2 years. [*Id.* at pp. 98-99].

Runkle was ultimately transferred to the Little Sandy Correctional Complex on March 27, 2006. At that time, Defendant Ronald Fleming, a University of Kentucky employee, was seeing patients at the prison. Dr. Fleming first saw Runkle on May 10, 2006 during an office visit. During that visit, Runkle complained of high blood pressure and acid reflux. [*See* Deposition of Ronald C. Fleming, D.O., Docket No. 31-7, p. 26]. They also discussed Runkle's cancer and Runkle requested a colonoscopy. [*Id.* at p. 30]. From his review of the record, Dr. Fleming knew that Runkle had small bowel cancer that was treated with surgical resection, chemotherapy and radiation. [ *Id.* at p. 34]. Therefore, Dr. Fleming ordered additional lab work, a CEA value and a colonoscopy. [*Id.* at p. 36; *see also* Docket No. 31-6 May 10, 2006 Lab Orders and medical records].

According to Dr. Fleming, Nurse Jennifer Gilliam later informed him that the requested colonoscopy and CEA lab values had been denied. [ *Id.* at pp. 39-41]. Dr. Fleming then informed Runkle of that fact.

> I told him several times that it was denied and in order for me to get the colonoscopy ordered he needed to have more symptoms, he needs to bring me those Hemoccult cards and he needs to tell me if he's having belly pain or rectal bleeding, and if one of the cards come up positive, I can get him the colonoscopy.

2

*Id.* at 47.

Dr. Fleming saw Runkle again in July 2006, this time for complaints of vertigo. He did not complain of abdominal pain or blood in the stool. [ *Id.* at p. 88]. As the two were walking out together, Dr. Fleming again informed Mr. Runkle that the colonoscopy request had been denied. [ *Id.* at p. 58].

In early September 2006, Runkle reported to sick call with abdominal pain and blood in his stool. Presence of blood was confirmed on September 8. On September 15, Dr. Fleming entered a consult request for a colonoscopy and EGD. [Docket No. 31-6]. The request was approved on September 20, and the colonoscopy was performed on October 10 at St. Claire Regional Medical Center in Morehead, Kentucky. [Docket No. 31-6]. During the procedure, a suspicious mass was found in the distal sigmoid colon.

On October 16, Dr. Fleming requested that Runkle be transferred immediately to a facility that could better treat him. [Docket No. 31-6]. The pathology report eventually came back benign. [Docket No. 31-6].

Runkle was transferred to the Kentucky State Reformatory two days later and did not see Dr. Fleming again.

Following the transfer Runkle essentially received no treatment until a CT scan on December 27, 2006. This CT revealed two masses, one in the right lower quadrant mesentery and one in the rectum, both indicative of cancer. [Docket No. 31-6]. Despite these findings, surgery was not scheduled until February 26, 2007. Dr. Winkler testified that, during surgery, it

3

was revealed that the cancer had infiltrated his abdomen  had metastasized into the pelvic region. Due to of the risk of obstruction, the surgeons chose not to resect the rectal mass or the small bowel  cancer.  Instead, they inserted a gastrostomy tube to drain off digested materials as needed.

Runkle was released on medical parole in November 2007 and began chemotherapy.  He did not tolerate the treatment well and chose to discontinue it in  March 2008.  [*See* Deposition of Charles F. Winkler, M.D., Docket No. 31-5, pp. 171-172].  Runkle passed away on June 28, 2008, almost five years to the date of his original resection.

On November 4, 2011, Sheila Runkle, Robert Runkle's mother and the Administratrix of his Estate filed this civil action against Dr. Fleming in the  Elliott Circuit Court for wrongful death "resulting from a delay in diagnosis and treatment of recurrent cancer." [Docket No. 1]. She alleges a  violation  of the  statutory right  to  medical  care, medical  negligence,  and  the tort  of  outrage.  Defendant  removed the case to the United States District Court for the Eastern District of Kentucky on December 13. 2011 and now seeks judgment as a matter of law as to all claims asserted herein.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party must show the absence of a genuine issue of material fact, and the nonmoving party must then come forward with specific facts showing that there is a genuine issue for trial. *Mounts v. Grand Trunk W. R.R.*, 198 F.3d 578, 580 (6th Cir. 2000).  The

4

nonmoving party may not rest on the mere allegations in the pleadings. *Id.*

Where, as in this case, part of the argument involves the statute-of-limitations, the Court must determine whether (1) the statute of limitations has run and (2) whether there exists a genuine issue of material fact as to when the plaintiff's cause of action accrued. *Campbell v. Grand Trunk Western R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001). As the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run. If the defendant meets this requirement then the burden shifts to the plaintiff to establish an exception to the statute of limitations. *Id.*

## III.   ANALYSIS

### A.   Plaintiff cannot maintain a claim against Dr. Fleming for violation of Runkle's statutory right to medical care.

In her Complaint, Plaintiff alleges that Dr. Fleming failed to monitor Runkle for recurrence of cancer according to an individualized plan as required by KRS 197.020(1)(b) and the Kentucky Department of Corrections' regulations, *citing* 501 KAR 6:020, Policy 13.2  (eff. 02/03/2006).  However,  there is no private right of action against Dr. Fleming for the  alleged administrative law violations. *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985). The Policies and Procedures arising out of KRS 197.020 allow any individual to sue in the Board of Claims for "loss of injury to his person or property as  a result of negligence on  the part  of  Corrections or its  employee or  agent." [Docket No. 31-15-]. Thus, the administrative regulation  sets  forth the unlawful act  and  specifies the civil remedy available to Plaintiff, to-wit,  suit in the Board of Claims. *Grzyb*, 700 S.W.2d at 400. The regulation at issue does not allow suit in federal

5

court. Therefore, Plaintiff has not stated a claim against Dr. Fleming for violations of the right to statutory medical care.

**B.    Plaintiff's claim for negligence is barred by the statute of limitations.**

Plaintiff's claim for medical negligence is subject to a one-year statute of limitations set forth in KRS 413.140(1)(a) and (e). The date of actual or constructive knowledge of the injury triggers the running of the statute of limitations. *Wiseman v. Alliant Hospitals, Inc.*, 37 S.W.3d 709 (Ky. 2000).

In this case, Runkle knew on October 14, 2006 that he had cancer. Contained within Runkle's Department of Corrections Certified Resident Record Card is a handwritten letter from him dated October 14, 2006. [Docket No. 31-14]. In this letter, he unequivocally acknowledged that (1) his cancer had returned, and (2) he knew his prognosis was grim. The October 14 letter states in pertinent part:

> A few days ago I was taken out to the hospital for an endoscopy (sic) and a colonoscopy (sic) **and the Dr. told me that my cancer is back again, very bad news. I'll be sent back to K.S.R. now for more tests, more chemo, radiation and possibly more surgery** . . . I guess what I am writing to ask you is if there is any way that you could reconsider my serve out since **I don't have much time left** and let me go home so I'll have my family for support and comfort for what I am about to have to go thru again. I guess **I'm just scared** and **I don't know if I'm going to live to make it home** . . .

[Docket No. 31-14](emphasis added).

This letter clearly proves that Runkle was aware that he had recurrent cancer on or before October 14, 2006. Thus he was on notice of the alleged injury on that same date and the one-year clock began to run. The deadline to file suit was therefore one year later, on October

6

14, 2007.  This lawsuit was filed after the statute of limitations ran.  As such, the one-year statute of limitations bars Plaintiff's claims.

Plaintiff does not dispute that the letter was written by Runkle and contains his mental impressions and knowledge of the recurrence of cancer. Moreover, Plaintiff does not refute  that the gastroenterologist who performed the colonoscopy, informed Plaintiff that his cancer had returned.  Nor does she contest his own knowledge regarding his cancer symptoms and their recurrence.  In his letter, Runkle draws the inference that his cancer symptoms (and therefore his cancer) returned in July 2006 (despite not telling his medical providers of those symptoms).  Finally, Plaintiff does not dispute that Mr. Runkle's knowledge is highly probative in determining the tolling date for the statute of limitations. *See Vannoy v. Milum*, 171 S.W.3d 745, 749-750 (Ky. App. 2005) (discussing explicitly the knowledge possessed by the plaintiff, and relying upon the fact that a physician informed the plaintiff of both the injury and the malpractice).   Plaintiff has not, therefore, demonstrated a genuine dispute as to Runkle's knowledge of his cancer and the date the statute of limitations began to run.

### C.     Plaintiff's claim for outrage fails as a matter of law.

In order to maintain her claim for outrage, Plaintiff must prove that  (1) Defendant's conduct was intentional or reckless; (2) his conduct was outrageous or intolerable as judged by

7

generally accepted standards of morality and decency; (3) there is a causal connection between Defendant's actions and Plaintiff's emotional distress; and (4) Plaintiff suffered *severe* emotional distress. *Ford v. General Motors Corp.*, 305 F.3d 545 (6th Cir. 2002). *See also, Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1 (Ky. 1990) (holding that "liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" ).

Plaintiff's claim for the tort of outrage fails because there is no proof that Dr. Fleming acted intentionally or recklessly or that his conducted caused Runkle severe emotional distress. Despite her allegations that failure to follow up on the May 10, 2006 order for colonoscopy is tantamount to outrage, there is simply nothing in the record which would support such a finding.

Moreover, Runkle was aware that he suffered a terminal illness. That, in and of itself, would likely cause some distress. However, there is no evidence that Dr. Fleming compounded these feelings. Moreover, nothing in the record establishes the extent or severity of Runkle's distress. Therefore, this claim has not merit.

## V.    CONCLUSION

Plaintiff has not carried her burden in demonstrating contested issues of material fact. To the contrary, it is undisputed that Robert Runkle was diagnosed with terminal small bowel cancer in July 2003 and that he knew the cancer would recur. It is also undisputed that Dr. Fleming first saw Mr. Runkle on May 10, 2006 and ordered a colonoscopy and laboratory tests, provided these orders to nursing staff to carry out and was later informed that the orders had

8

been denied. It is further undisputed that Runkle first complained of blood in his stool to Dr. Fleming in September 2006, and that following positive hemoccults, Dr. Fleming reordered a colonoscopy. The colonoscopy revealed a mass in the colon. Runkle knew his cancer had recurred in October 2006. The instant lawsuit was filed more than a year later. Moreover, there is nothing in the record which supports Plaintiff's contention that Dr. Fleming acted recklessly. As such, Defendant is entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 31] be **SUSTAINED**.

This ___6___ day of August, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

9